**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X   Case No. 17-cv-02032

LOIMATA ALALAMUA, on behalf of herself
individually and all others similarly situated,

                              Plaintiff,

                                                                 **CLASS ACTION**
      -against-                                           **COMPLAINT**

ALLTRAN FINANCIAL, LP f/k/a
UNITED RECOVERY SYSTEMS, LP,

                              Defendant.
-----------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes on a Sears store card account originally owned by Citibank, N.A.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant is a foreign limited partnership formed under the laws of the State of Texas.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13. Defendant sent to plaintiff a collection letter dated April 5, 2016.

14. Defendant sent the letter in an attempt to collect a debt on behalf of Citibank.

15. At the time defendant sent the letter, the debt was in default.

16. In the letter defendant stated that the amount due was $4,587.67.

17. In the letter defendant further stated, in pertinent part:

"Our client, the above named creditor, has agreed to accept $3,211.37 as a settlement for monies owing on your account."

18. Further in the letter, defendant stated, in pertinent part:

"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

19. Upon receipt of defendant's letter and upon reading defendant's statement regarding the Internal Revenue Service ("IRS"), plaintiff felt she may get into trouble with the IRS for refusal to pay the full balance of the debt.

20.     Upon receipt of defendant's letter and upon reading defendant's statement regarding the IRS, plaintiff believed, erroneously, that if she negotiated to settle the debt for less than the full amount claimed the creditor would report the settlement to the IRS.

21.     Upon receipt of defendant's letter and after reading defendant's statement regarding the IRS, plaintiff believed, erroneously, that if she negotiated to settle the debt for less than the full amount defendant claimed she owed, then the entire amount of the debt discharged would be reported to the IRS.

22.     Upon receipt of defendant's letter and after reading defendant's statement regarding the IRS, plaintiff believed, erroneously, that the only way for her to avoid any IRS reporting of a discharge of indebtedness was for her to pay the full debt amount claimed.

AS AND FOR A FIRST CAUSE OF ACTION

<u>Intimidation of plaintiff by the IRS statement</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

23.     Plaintiff re-alleges paragraphs 1 to 22 as if fully re-stated herein.

24.     Defendant stated in its letter that the debt amount due was $4,587.67.

25.     In the letter defendant offered to settle the debt for $3,211.37 – which represents a discharge of indebtedness of $1,376.30.

26. In the letter defendant also included a statement (the "IRS statement") that:

> "Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

27. No law required defendant to include the IRS statement in its collection letter.

28. Defendant did not mention in its letter that it is the discharge of indebtedness *that is principal* in the amount of $600.00 or more that triggers the IRS reporting requirement.

29. Under 26 C.F.R. § 1.6050P-1(d)(2), the discharge of the amount of a debt that is interest is not required to be reported to the IRS.

30. Under 26 C.F.R. § 1.6050P-1(d)(3), the discharge of the amount of a debt other than stated principal is not required to be reported to the IRS.

31. There are additional exceptions to the reporting requirement for a discharge of indebtedness.

32. Citibank is not required by the Internal Revenue Code and corresponding IRS regulations to report "any" discharge of indebtedness, as defendant stated in its letter.

33. Defendant's IRS statement that Citibank will report *any* discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations is therefore false.

34. Defendant's IRS statement that Citibank will report *any* discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations is also deceptive and misleading.

35. Said IRS statement is deceptive and misleading because it would cause the least sophisticated consumer to believe, erroneously, that a discharge in any amount could trigger reporting to the IRS.

36. This belief would make the least sophisticated consumer less likely to negotiate any settlement for less than the full balance, for fear that she would be reported to the IRS.

37. Further, because Citibank may be required to report only a discharge of indebtedness of $600.00 or more *of principal*, defendant's IRS statement may not apply to plaintiff at all.

38. Some portion of the discharge of indebtedness defendant offered was interest.

39. Some portion of the discharge of indebtedness defendant offered was fees and charges.

40. Some portion of the discharge of indebtedness defendant offered was not principal.

41. The interest, fees and charges included in the amount offered to be discharged would not be required to be reported to the IRS.

42. Defendant's IRS statement would cause the least sophisticated consumer to believe, erroneously, that all of the amount defendant offered to discharge would automatically have to be reported to the IRS if plaintiff accepted the offer.

43. Defendant's IRS statement is false, deceptive and misleading for this reason also.

44. Defendant included the IRS statement in expectation that plaintiff, having been deceived, would then be misled into settling the debt without negotiating it out of fear that she would be reported to the IRS.

45. Alternatively, defendant included the IRS statement in expectation that plaintiff, having been deceived, would then be misled into settling the debt for the payment of a greater amount than she needed to pay in order to avoid being reported to the IRS.

46. Defendant's gratuitous inclusion of the IRS statement in its letter was meant by defendant to scare and intimidate plaintiff and the least sophisticated consumer to pay more of the debt than necessary in an effort to avoid involvement of the IRS in the settlement of the debt,

47. Defendant's inclusion of the IRS statement in its letter is a ploy illicitly to increase collections.

48. Defendant's IRS statement is false, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), in that Citibank is required only to report a discharge of indebtedness that is $600.00 or more *of principal*.

49. Defendant's IRS statement is also a deceptive and misleading representation used by defendant in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), in that the effect of the statement is to cause plaintiff to believe that she has to pay all of the debt, or a greater portion of the debt than she lawfully has to, in order to avoid the reporting of a discharge of indebtedness by Citibank.

## CLASS ALLEGATIONS

50. Plaintiff re-alleges paragraphs 1 to 49 as if fully re-stated herein.

51. This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt owed to Citibank, N.A.; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the collection letter states, in sum or substance*:*

> "Citibank N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."

52. The class does not include defendant or persons who are officers, directors, or employees of defendant.

53. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692e and 1692e(2)(A) by inserting the IRS statement in its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

54. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

55. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

56. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

57. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)  certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)  awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)  awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d)  awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(e)  awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f)  for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
April 6, 2017.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com